**Kazi Golam RAHMAN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70114.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 15, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Sabbir Ahmed, Esq., Law Offices, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Carol Federighi, Anthony W. Norwood, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Kazi Golam Rahman, a native and citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from an immigration judge's ("IJ") denial of Rahman's request for asylum and withholding of deportation. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review an adverse credibility finding for substantial evidence, *see Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

---

Substantial evidence supports the IJ's adverse credibility finding. *See Al–Harbi v. INS,* 242 F.3d 882, 887–88 (9th Cir. 2001). The IJ articulated specific and cogent reasons for his disbeliefs. *See Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir. 2002). Specifically, the IJ noted implausibilities in Rahman's testimony, *see Singh–Kaur v. INS,* 183 F.3d 1147, 1151–53 (9th Cir.1999) (finding inconsistency, implausibility and lack of specificity in testimony may support an adverse credibility determination), inconsistencies in dates, *see Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000) (finding support in the record for an adverse credibility determination when petitioner's testimony regarding one event of past persecution had differing dates of occurrence), and inconsistencies between Rahman's declaration and his testimony, *see Chebchoub,* 257 F.3d at 1043 (9th Cir. 2001) (acknowledging substantial evidence supporting an adverse credibility finding when inconsistencies relate to heart of asylum claim).

Because Rahman failed to meet the standard to qualify for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897, 900–01 (9th Cir.2004) (order), Rahman's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.